|   |   |
|---|---|
| UNITED STATES OF AMERICA, ex rel. RAJU A.T. DAHLSTROM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAUK-SUIATTLE INDIAN TRIBE OF WASHINGTON, et al., <br><br> Defendants. | CASE NO. C16-0052JLR <br><br> ORDER DENYING PARTIES' STIPULATED MOTION |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Before the court is the parties' stipulated motion seeking to extend the trial date from November 13, 2018, "to a date on or after June 10, 2019." (Stip. Mot. (Dkt. # 59) at 2.) In addition, the parties seek "to extend discovery and other deadlines accordingly." (*Id.*) The court has considered the parties' stipulated motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES the motion.

//

ORDER - 1

This lawsuit was commenced on January 12, 2016. (Compl. (Dkt. # 1).) On July 17, 2017, the parties filed a Joint Status Report, in which the parties represented that discovery could be completed in February 2018, and the matter would be ready for trial by June 2018. (JSR (Dkt. # 46) at 4.) Based on these representations, the court issued a scheduling order—which allowed the parties considerably more time than they requested—setting the trial on November 13, 2018, and the discovery cutoff on July 16, 2018. (Am. Sched. Ord. (Dkt. # 53) at 1.)

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may only be modified for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Good cause" for purposes of Rule 16 focuses on the diligence of the party seeking to modify the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the parties'] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference . . . ." *Jackson*, 186 F.R.D. at 608. The court's scheduling order itself states that the dates are "firm" and that "[t]he court will alter these dates only upon good cause shown: failure to complete discovery within the time allowed is not recognized as good cause." (Am. Sched. Ord. at 2.)

1         The parties justify their request for an extension of the trial date and related pretrial deadlines by stating that "this is a complex, fact-intensive *qui tam* case involving many alleged false claims." (Stip. Mot. at 2.) Further, the parties "are still investigating the merits of and defenses to Plaintiff's allegations," "still completing discovery," and one or more may "bring a dispositive motion prior to trial." (*Id.*) The parties either did or should have understood the complexity of the case when they filed their joint status report asking for a November 13, 2018, trial date. They also should have been aware of the case's fact-intensive nature and the *qui tam* claims. Certainly, the possibility that a party will file a dispositive motion is present in every case. None of the parties' excuses represent "the development of matters which could not have been reasonably foreseen or anticipated." *See Jackson*, 186 F.R.D. at 608. Further, as noted above, the parties' failure to complete discovery is not recognized as good cause for an extension of the case schedule. (Am. Sched. Order at 2.) Thus, the court concludes that the parties have not established good cause for extending the trial date or the related pretrial deadlines.

        Based on the foregoing analysis, the court DENIES the parties' stipulated motion (Dkt. # 59). Nevertheless, if the parties would like to move their trial date to the end of the court's trial calendar, they may so stipulate and notify the court.[1] If the parties so stipulate, the court will issue a new case schedule for related pretrial deadlines based on

//

//

---

[1] The parties should be aware that the court is unlikely to grant more than one extension of the trial date to the end of its trial calendar.

the new trial date at the end of the court's trial calendar.[2] The parties should be aware that the court is presently setting trials in approximately October 2019.

Dated this 26th day of June, 2018.

*[signature]*

JAMES L. ROBART
United States District Judge

---

[2] The court will not, however, issue new deadlines for joining additional parties, amending pleadings, or the disclosure of expert testimony because those deadlines have already expired.