UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. RAJU A.T. DAHLSTROM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAUK-SUIATTLE INDIAN TRIBE OF WASHINGTON, et al., <br><br> Defendants. | CASE NO. C16-0052JLR <br><br> ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO RENOTE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

## I. INTRODUCTION

Before the court is Plaintiff Relator Raju A.T. Dahlstrom's motion to renote Defendants Ronda Kay Metcalf, Christine Marie Morlock, and Robert Larry Morlock's (collectively, "Individual Defendants") motion for summary judgment from June 28, 2019, to July 26, 2019. (Mot. (Dkt. # 68).) Mr. Dahlstrom seeks to renote Individual Defendants' motion because (1) the deposition of Dr. Christine Morlock will not occur

until June 14, 2019, and (2) there is a delay in obtaining the transcripts of Ms. Metcalf's and Mr. Morlock's depositions from Thomas Court Reporting Services. (*Id.* at 2.) The court has considered Mr. Dahlstrom's motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS in part and DENIES in part Mr. Dahlstrom's motion as described below.

## II. ANALYSIS

First, by agreeing to conduct Dr. Morlock's deposition on June 14, 2019, the parties improperly agreed to modify the case schedule without the court's permission. The discovery cutoff in this matter was June 10, 2019. (Sched. Order (Dkt. # 63) at 1 (indicating that the parties must complete discovery by June 10, 2019).) The court's order states that case schedule deadlines are "firm" and "can be changed only by order of the court, not by agreement of counsel or parties." (*Id.* at 2.) The court sets case schedules and expects the parties to adhere to those schedules specifically to avoid motions like the one presently before the court. Although the court will allow the deposition of Dr. Morlock to go forward on June 14, 2019, the court does not consider the parties' violation of its case scheduling order to be good cause for extending the noting date of Individual Defendants' summary judgment motion. (*See id.* ("[F]ailure to complete discovery within the time allowed is not recognized as good cause.").) The court further cautions all counsel that any further violations of the court's orders in this matter may result in the imposition of sanctions.

Second, neither Mr. Dahlstrom, nor his counsel, submits a declaration substantiating his difficulty obtaining deposition transcripts from Thomas Court

Reporting Services. (*See generally* Dkt.) Although Mr. Dahlstrom states that Thomas Court Reporting Services is suffering a "backup" (Mot. at 2), he does not discuss the possibility of requesting expedited service for an additional fee (*see generally id.*). Although Ms. Metcalf's and Mr. Morlock's May 21, 2019, depositions were taken within the discovery period, they were taken close to the end of that period and after the May 10, 2019, deadline for discovery motions. (*See* Mot. at 2; *see also* Sched. Order at 1 (stating that the deadline for all motions related to discovery is May 10, 2019).) One risk of waiting to conduct important discovery until the end of the discovery period is the possible delay in obtaining deposition transcripts. This is a known risk for any litigator, particularly one of Mr. Dahlstrom's counsel's experience. Accordingly, the court does not consider the circumstances surrounding Ms. Metcalf's and Mr. Morlock's depositions or the transcription of those depositions to be good cause for extending the noting date of Individual Defendants' summary judgment motion.

Finally, extending the date as Mr. Dahlstrom suggests would provide him with an unfair advantage. Such an extension would allow him twice the amount of time ordinarily provided under the court's Local Rules for responding to a dispositive motion. *See* Local Rules W.D. Wash. LCR 7(d)(3) (stating that all dispositive motions "shall be noted for consideration on a date no earlier than the fourth Friday after filing and service of the motion" and "[a]ny oppositions papers shall be filed and served not later than the Monday before the noting date"). Further, the court could not provide a commensurate extension to Individual Defendants for their reply memorandum because such an extension would—in all practicality—violate the cutoff date for dispositive motions.

(*See* Sched. Order at 1 (stating that the deadline for dispositive motions is July 9, 2019, which under Local Rule W.D. Wash. LCR 7(d)(3) would ordinarily result in a noting date no later than August 2, 2019).) Thus, whereas under Mr. Dahlstrom's proposed noting date of July 26, 2019, he would obtain an additional four weeks to file his responsive memorandum, the court could provide Individual Defendants with, at most, a one-week extension for their reply memorandum—from July 26, 2019, to August 2, 2019. The imbalance in these equities counsels against granting Mr. Dahlstrom's motion.

Nevertheless, the court is not without some flexibility. The court will grant Mr. Dahlstrom 14 additional days in which to file his responsive memorandum. Mr. Dahlstrom's response is now due on Monday, July 8, 2019. This extension should be sufficient to address any issues encountered with delays in deposition transcription. In addition, to balance the equities, the court will adjust the deadline for Individual Defendants' reply memorandum. Individual Defendants' reply memorandum is now due on Wednesday, July 17, 2019. This extension will not adversely impact the remainder of the trial calendar or conflict with the dispositive motions cutoff.

### III.  CONCLUSION

Based on the foregoing analysis, the court GRANTS in part and DENIES in part Mr. Dahlstrom's motion to extend the noting date of Individual Defendants' summary judgment motion (Dkt. # 68). Mr. Dahlstrom's responsive memorandum is now due on Monday, July 8, 2019, and Individual Defendants' reply memorandum is now due on

//

//

Wednesday, July 17, 2019.  Finally, the court DIRECTS the Clerk to renote Individual Defendants' motion for summary judgment to July 17, 2019.

Dated this 14th day of June, 2019.

JAMES L. ROBART
United States District Judge