# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SAUK-SUIATTLE INDIAN TRIBE OF WASHINGTON,<br><br>Defendant. | CASE NO. C16-0052JLR<br><br>ORDER DENYING ATTORNEY RICHARD L. POPE'S MOTION FOR RECONSIDERATION IN PART OF THE COURT'S AWARD OF ATTORNEY'S FEES AGAINST HIM |

## I. INTRODUCTION

Before the court Attorney Richard L. Pope, Jr.'s motion for reconsideration in part of the court's November 15, 2019, order directing him to pay a portion of Defendants Christine Morlock, Robert Morlock, Ronda Metcalf, and Community Natural Medicine, PLLC's ("CNM") (collectively "Defendants")[1] attorney's fees. (*See* MFR (Dkt. # 106);

//

---

[1] On March 21, 2017, the court dismissed Defendant Sauk-Suiattle Indian Tribe of Washington on grounds of sovereign immunity. (*See* 3/21/17 Order (Dkt. # 39) at 5-7, 11.)

*see also* 11/15/19 Order (Dkt. # 105).) The court ordered Defendants to file a response to Mr. Pope's motion. (*See* 12/04/19 Order (Dkt. # 110); *see also* Resp. (Dkt. # 112).) The court has considered Mr. Pope's motion, Defendants' response to the motion, Mr. Pope's reply (Reply (Dkt. # 114)), the relevant portions of the record, and the applicable law. Being fully advised,[2] the court DENIES Mr. Pope's motion for reconsideration.

## II. BACKGROUND

Plaintiff Raju A.T. Dahlstrom initially filed this *qui tam* lawsuit as a *pro se* litigant. (*See* Compl. (Dkt. # 1).) Mr. Dahlstrom asserted claims under the federal False Claims Act ("FCA"), 31 U.S.C. § 3729, *et seq.*, and the Washington Medicaid Fraud False Claims Act ("Washington Medicaid Fraud FCA"), RCW ch. 74.66. (*See* Compl. ¶¶ 71-82.) He also brought claims for FCA retaliation and Washington Medicaid Fraud FCA retaliation. (*See id.* ¶¶ 92-95.)

Because a plaintiff may not prosecute a *qui tam* action *pro se*, *see Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007), on January 22, 2016, the court issued an order to show cause within 30 days why the matter should not be dismissed (*see* 1/22/16 OSC (Dkt. # 2) at 1-2). Alternatively, the court ordered Mr. Dahlstrom to retain counsel within the same timeframe. (*Id.* at 2.) On February 18, 2016, Mr. Pope appeared on Mr. Dahlstrom's behalf. (Not. of App. (Dkt. # 3).)

//

//

---

[2] No party asks for oral argument (*see* MFR at 1; Resp. at 1), and the court does not consider oral argument to be helpful to its disposition of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

On June 6, 2019, Defendants filed a motion for summary judgment on all of Mr. Dahlstrom's alleged false claims. (*See* MSJ (Dkt. # 64).) On July 8, 2019, Mr. Dahlstrom filed his response to Defendants' motion opposing each ground for summary judgment. (*See* SJ Resp. (Dkt. # 72).) In his response to Defendants' motion for summary judgment, Mr. Dahlstrom asserted numerous scurrilous and potentially professionally-damaging statements, which the court has previously detailed and will not recount here. (*See id.* at 3-5; *see also* 11/15/19 Order at 5; SJ Order (Dkt. # 79) at 35-36).) Nevertheless, Mr. Dahlstrom was unable to sustain a single alleged false claim, and on August 29, 2019, the court granted Defendants' motion for summary judgment and dismissed Mr. Dahlstrom's action with prejudice. (*See* SJ Order (Dkt. # 79) at 2, 37.)

Pursuant to 31 U.S.C. § 3730(d)(4) and RCW 74.66.070(d)(4), the court concluded in its summary judgment order that all of Mr. Dahlstrom's claims were "frivolous," "clearly vexatious," and "brought for the primary purpose of harassing and embarrassing . . . Defendants." (SJ Order at 34-36.) Accordingly, the court granted Defendants' motion for an award of reasonable attorney's fees and expenses against Mr. Dahlstrom and ordered Defendants to file, within 14 days, a motion setting forth the reasonable fees and expenses they incurred in bringing their motion for summary judgment and conducting any necessary preceding discovery. (*Id*. at 36.) The court also ordered Mr. Pope "to show cause why the court should not impose a portion of its attorney's fees award, if any, against him personally pursuant to 28 U.S.C. § 1927, [Federal] Rule [of Civil Procedure] 11(b), or its inherent authority." (*Id*. at 36-37.) The court also permitted Defendants to respond to the court's order to show cause. (*Id*. at 37.)

Both Mr. Pope and Defendants filed responses to the court's order to show cause. (Def. OSC Resp. (Dkt. # 89); Pope OSC Resp. (Dkt. # 101).)

On November 15, 2019, the court (1) imposed sanctions and awarded a portion of Defendants' attorney's fees against Mr. Pope for bad faith conduct under both 28 U.S.C. § 1927 and the court's inherent authority (11/15/19 Order at 12-21), (2) declined to excuse or mitigate Mr. Pope's conduct based on his daughter's health care crisis (*id.* at 21-23), and (3) determined that Mr. Pope should pay Defendants $10,753.74 in fees (*id.* at 23-27). The court limited its sanctions award to those fees Defendants incurred in drafting and prosecuting their motion for summary judgment, which totaled $14,711.00, and then discounted that amount by 26.9%, which represents the voluntary reduction Defendant offered for the entirety of their claimed fees, for a total fee award of $10,753.74. (*See id.* at 25-27.)

Mr. Pope moved for reconsideration of the court's sanctions order. (*See generally* MFR.) In his motion, Mr. Pope does not challenge or seek reconsideration of the court's ruling that an award of sanctions against him is appropriate under 28 U.S.C. § 1927 or the court's inherent authority. (*Id.* at 2.) Instead, Mr. Pope makes two limited arguments. (*See id.* at 1-2.) First, Mr. Pope argues that the court should reconsider the amount of sanctions and limit its fee award to at most $5,759.00, which represents the amount Defendants incurred in connection with their motion for summary judgment after Mr. Pope completed two depositions that he conducted on June 14, 2019—four days after the June 10, 2019, discovery cutoff. (*See id.* at 1; *see also* Am. Sched. Order (Dkt. # 63) at 1.) Further, Mr. Pope argues that the court should reduce this amount even more based

on the 26.9% across-the-board reduction offered by Defendants in their response to the court's order to show cause. (*See* MFR at 4; *see also* Def. OSC Resp. at 10; 9/12/19 Nedderman Decl. (Dkt. # 90) ¶ 2, Ex. 1.) Second, Mr. Pope argues that the court should reconsider its refusal to mitigate the sanctions award based on his daughter's health crisis. (MFR at 2.) Defendants opposed Mr. Pope's motion. (*See generally* Resp.) The court now considers Mr. Pope's motion.

### III.  ANALYSIS

**A.  Standards for a Motion for Reconsideration**

Motions for reconsideration "are disfavored." Local Rules W.D. Wash. LCR 7(h)(1). Ordinarily, the court will deny such motions in the absence of a showing of (1) "manifest error in the prior ruling," or (2) "new facts or legal authority which could not have been brought to [the court's] attention earlier with reasonable diligence." *Id*. As discussed below, the court concludes that Mr. Pope has made neither showing.

**B.  The Amount of the Award**

In its sanctions order, "the court determine[d] which of Defendants' fees [we]re due to Mr. Pope's 'excessive' litigation." (11/15/19 Order at 25 (quoting *In re Yagman*, 796 F.2d 1165, 1184-85 (9th Cir. 1986)).) In so doing, the court stated that it would "decline[] to impose any fees Defendant incurred conducting discovery and [would] limit its award to those fees Defendants incurred in drafting and prosecuting their motion for summary judgment." (*Id.*) The court reasoned that "following discovery Mr. Pope should have understood that Mr. Dahlstrom's claims were frivolous." (*Id.*) Based on this statement, Mr. Pope argues that the court's fee calculation failed to consider that

Defendants' motion for summary judgment was filed on June 6, 2019, and Mr. Pope did not complete his discovery until June 14, 2019, when he took two final depositions. (MFR at 3-4.) Mr. Pope argues that the court should exclude from its sanctions award any fees Defendants incurred in connection with their motion for summary judgment prior to June 14, 2019, reducing the sanctions amount to at most $5,759.00. (*Id.*) Mr. Pope then argues that the court should further reduce this amount by the 26.9% voluntary discount Defendants offered in their response to the court's order to show cause. (*Id.* at 4.)

The court declines to reconsider or reduce its award based on this argument. First, Mr. Pope never asserts that these two depositions revealed any information that altered his understanding of the legitimacy of Mr. Dahlstrom's claims. (*See generally* MFR.) Indeed, Mr. Pope filed Mr. Dahlstrom's opposition to Defendants' motion for summary judgment on July 8, 2019—several weeks after he conducted these depositions. Thus, the court is not convinced that, prior to these two depositions, Mr. Pope did not have enough information to conclude that Mr. Dahlstrom's claims were frivolous, but suddenly after he completed these depositions he was enlightened. Accordingly, the court cannot conclude that it made any difference whether these two depositions occurred before or after Defendants' filed their motion for summary judgment.

More importantly, Mr. Pope conducted these depositions after the June 10, 2019, discovery cutoff. (*See* Am. Sched. Order at 1.) The court's amended scheduling order states, without ambiguity, that the dates set forth in the order are "firm" and "can be changed only by order of the court, not by agreement of the parties." (*Id.* at 2.) The

parties never requested and the court never ordered an extension of the June 10, 2019, discovery cutoff. (*See generally* Dkt.) Thus, Mr. Pope's conduct of two depositions four days after the discovery period ended was in violation of the court's scheduling order. The court declines to reward this behavior by reducing its sanction award on that basis.

In any event, the import of the court's November 19, 2019, sanctions order was that it declined to award any fees Defendants incurred in discovery because it could not conclude that these fees were due to Mr. Pope's "excessive" litigation. (*See* 11/15/19 Order at 25.) Indeed, the court did not impose any such fees on Mr. Pope. (*See id.*) Nothing in Mr. Pope's motion for reconsideration convinces the court that it should reconsider its award of those fees Defendants incurred in drafting and prosecuting their motion for summary judgment (subject to the 26.9% reduction discussed in the court's order). Mr. Pope should have known prior to the date Defendants filed their motion for summary judgment that Mr. Dahlstrom's claims were frivolous. He provides the court with no indication that the two depositions he took after that date would have or did make any difference in his continued prosecution of these frivolous claims. Accordingly, the court concludes that Defendants are entitled to their fees in prosecuting their motion for summary judgment (subject to the reduction discussed in the court's November 15, 2019, order) because these fees were incurred due to Mr. Pope's "excessive" litigation. *See In re Yagman*, 796 F.2d at 1184-1185. The court denies Mr. Pope's motion to reconsider the amount of its fees award to Defendants based on the timing of two depositions.

//

//

### C. Mitigation Based on Mr. Pope's Daughter's Health Crisis

The court reduced the amount of Defendants' fee award by 26.9%, from $14,711.00, which represents the amount of fees Defendants incurred in prosecuting their summary judgment motion, to $10,753.74. (11/15/19 Order at 27.) The court reduced Defendants' award by this amount because it represents the same overall percentage reduction that Defendants volunteered to take for fees and expenses incurred in both their discovery and summary judgment activities. (*See id.*) Nevertheless, Mr. Pope argues that the court erred by failing to reduce the sanctions award by an even greater amount based on his daughter's health crisis. (*See* MFR at 6 ("The [c]ourt should further exercise its discretion in deciding whether or not to make further reductions [in the sanctions award] based on the severe health crisis of Mr. Pope's daughter.").)

Mr. Pope "believes" that the court should not have considered his appearance in three additional lawsuits in the Western District of Washington in deciding whether to excuse or mitigate his conduct based on his daughter's health care crisis. (MFR at 4-5.) Mr. Pope is incorrect as a matter of law. A court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *See United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Mr. Pope claimed near incapacity as the result of his daughter's health crisis. (*See* Pope OSC Resp. at 5, 9-10; *see also* 9/26/19 Pope Decl. (Dkt. # 100) ¶¶ 8-9, 12-19, 24, 27, 30-32, 49, 74.) Whether Mr. Pope was continuing to engage in additional representations and cases during this period was directly relevant to the matter at issue.

Further, Mr. Pope never explains in his motion for reconsideration why he failed to (1) obtain co-counsel to assist in Mr. Dahlstrom's representation or (2) timely inform the court of his incapacity. (*See generally* MFR.) If Mr. Pope had done so, the court could have considered a short stay of the proceedings to allow Mr. Dahlstrom to find alternate or additional counsel. Although the court is sympathetic to Mr. Pope's situation with his daughter, his failure to inform the court was reckless given the circumstances and, for this reason, Mr. Pope's situation does not justify any mitigation in the sanctions award. For these reasons, the court declines to reconsider its prior order based on Mr. Pope's daughter's health crisis.

### IV. CONCLUSION

For the foregoing reasons, the court DENIES Mr. Pope's motion for reconsideration in part of the court's order directing him to pay Defendants' reasonable attorney's fees of $10,753.74 (Dkt. # 106).

Dated this 5th day of February, 2020.

JAMES L. ROBART
United States District Judge