UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* RAJU A.T. DAHLSTROM,<br><br>STATE OF WASHINGTON, *ex rel.* RAJU DAHLSTROM,<br><br>               PlaintiffS,<br>   v.<br><br>SAUK-SUIATTLE INDIAN TRIBE OF WASHINGTON, *et al.*,<br><br>               Defendants. | CASE NO. C16-0052JLR<br><br>ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT ENTER A FEDERAL RULE OF CIVIL PROCEDURE 54(b) JUDGMENT ON THOSE ISSUES DECIDED HEREIN AND NOT STAYED |

The court orders the parties to show cause why the court should not enter judgment in this matter pursuant to Federal Rule of Civil Procedure 54(b) on all matters decided herein except for those matters automatically stayed pursuant to Plaintiff Raju A.T. Dahlstrom's Chapter 13 bankruptcy filing.

//

On March 21, 2017, the court dismissed Defendant Sauk-Suiattle Indian Tribe of Washington with prejudice on grounds of sovereign immunity. (*See* 3/21/17 Order (Dkt. # 39) at 3-7, 11.) On August 29, 2019, the court granted summary judgment in favor of all remaining Defendants and dismissed Plaintiff Raju A.T. Dahlstrom's complaint with prejudice. (8/29/19 Order (Dkt. # 79) at 37.) The court also granted Defendants' motion for an award of attorney's fees pursuant to 31 U.S.C. § 3730(d)(4) and RCW 74.66.070(d)(4) against Mr. Dahlstrom and ordered Defendants to file a motion setting forth their reasonable fees and expenses described in the court's order. (8/29/19 Order at 34-36, 38.) In addition, the court ordered Mr. Dahlstrom's attorney, Mr. Richard Pope, to show cause why the court should not award some of Defendants' attorney's fees against him personally pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11(b), or the court's inherent authority. (8/29/19 Order at 36-38.)

On September 12, 2019, Mr. Dahlstrom filed a notice of Chapter 13 bankruptcy. (Notice (Dkt. # 84).) On November 15, 2019, the court ruled that, although Mr. Dahlstrom's notice of Chapter 13 bankruptcy and the resulting automatic bankruptcy stay did not apply to the action generally, the stay did apply to Defendants' motion for fees and expenses against Mr. Dahlstrom. (11/15/19 Order (Dkt. # 105) at 9.) The court also concluded that Mr. Pope was liable for a portion of Defendants' attorney's fees as a sanction for his litigation conduct herein, and that Mr. Dahlstrom's bankruptcy did not result in a stay with respect to Mr. Pope's liability for those sanctions. (*Id.* at 10-23.) Ultimately, the court awarded $10,753.74 in fees as a sanction against Mr. Pope and in favor of Defendants. (*Id.* at 23-27.) Mr. Pope moved for partial reconsideration of the

court's order imposing sanctions against him. (*See* Pope MFR (Dkt. # 106).) After directing Defendants to file a response to Mr. Pope's motion (12/4/19 Order (Dkt. # 110), the court denied Mr. Pope's motion for partial reconsideration (2/5/19 Order (Dkt. # 115)).

As described above, all issues in this litigation are now resolved, except for the amount of Defendants' attorney's fees that Mr. Dahlstrom owes. (*See* 11/15/19 Order at 9.) As indicated above, this issue is stayed due to Mr. Dahlstrom's Chapter 13 bankruptcy filing. (*See id.*) Accordingly, the court ORDERS the parties to show cause why the court should not enter a Federal Rule of Civil Procedure 54(b) judgment on those matters which are now resolved and not stayed. The parties shall file their responses to the court's order to show cause within fourteen (14) days of the filing date of this order and shall limit their responses to no more than ten (10) pages. Because Mr. Pope has a stake in this decision due to the court's sanctions order against him, the court permits, but does not require, Mr. Pope to file a response to the court's order to show cause as well. If Mr. Pope files a response to the court's order, he must do so within the same time and page limit parameters that the court set for the parties herein.

Dated this 27th day of February, 2020.

JAMES L. ROBART
United States District Judge