UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* RAJU A.T. DAHLSTROM,<br><br>STATE OF WASHINGTON, *ex rel.* RAJU A.T. DAHLSTROM,<br><br>     Plaintiffs,<br> v.<br><br>SAUK-SUIATTLE INDIAN TRIBE OF WASHINGTON, et al.,<br><br>     Defendants. | CASE NO. C16-0052JLR<br><br>ORDER DENYING REQUEST |

## I.   INTRODUCTION

Before the court is *pro se* Plaintiff Raju A.T. Dahlstrom's "Request for Further Instructions from the Court." (Mot. (Dkt. # 116).) The court has reviewed Mr. Dahlstrom's request, and for the reasons stated herein, DENIES it.

//

## II. ANALYSIS

The court is mindful of its obligation to liberally construe a *pro se* party's pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed'. . . .") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Accordingly, the court liberally construes Mr. Dahlstrom's request.

In his filing, Mr. Dahlstrom requests "guidance with respect to further proceedings in the (***qui tam***) matter . . . ." (Mot. at 2.) The court liberally construes Mr. Dahlstrom's request for "guidance" as a request for legal advice. The court, however, cannot give legal advice or counsel to *pro se* parties, except for recommending that they seek the advice of a trained attorney. The United States Supreme Court has acknowledged that requiring federal district judges to explain the details of federal procedure or act as a *pro se* litigant's counsel "would undermine district judges' role as impartial decisionmakers." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also id.* ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants"). As the Ninth Circuit has explained, for a federal district judge to give legal advice to a *pro se* litigant "would entail the district court's [sic] becoming a player in the adversary process rather than remaining its referee." *Jacobsen v. Filler*, 790 F.2d 1362, 1365-66 (9th Cir. 1986). Thus, the court denies Mr. Dahlstrom's request for "guidance" except for recommending that he seek the advice a trained attorney. Further, the court directs Mr. Dahlstrom to the court's website, which includes information for pro se litigants. *See* https://www.wawd.uscourts.gov/representing-yourself-pro-se (lasted visited Feb. 26, 2020).

| | |
|---|---|
| 1 | Mr. Dahlstrom's filing also references the court's February 5, 2020, order denying |
| 2 | Mr. Richard Pope's motion for reconsideration. (*See* Mot. at 2 (referencing 2/5/20 Order |
| 3 | (Dkt. # 115)).) Mr. Dahlstrom states that the court's February 5, 2020, order represents |
| 4 | "another adverse ruling against Pro Se Plaintiff." (*Id.*) The order at issue, however, did |
| 5 | not involve Mr. Dahlstrom. (*See generally* 2/5/20 Order.) Indeed, the court's February |
| 6 | 5, 2020, order denied Mr. Pope's motion for partial reconsideration of the court's order |
| 7 | directing Mr. Pope to pay a portion of Defendants' attorney's fees. (*See generally id.*) |
| 8 | As the court has previously stated, although the automatic bankruptcy stay that was |
| 9 | imposed due to Mr. Dahlstrom's Chapter 13 bankruptcy filing "does not apply to this |
| 10 | action generally, it does stay any motion for fees and expenses against Mr. Dahlstrom." |
| 11 | (11/15/19 Order (Dkt. # 105) at 9.) Thus, the court's imposition of a fees award against |
| 12 | Mr. Pope does not affect Mr. Dahlstrom. Indeed, the court expressly "stay[ed] its |
| 13 | consideration of Defendant's motion [for fees and expenses against Mr. Dahlstrom] until |
| 14 | the bankruptcy stay is lifted." (*Id.* at 10.) Thus, although the court's February 5, 2020, |
| 15 | order represents an "adverse ruling" against Mr. Pope, it does not represent an "adverse |
| 16 | ruling" against Mr. Dahlstrom. |
| 17 | Finally, to the extent Mr. Dahlstrom's filing could be liberally construed as a |
| 18 | motion for reconsideration of the court's February 5, 2020, order, the court denies it. |
| 19 | First, because the court's February 5, 2020, order does not pertain to Mr. Dahlstrom, the |
| 20 | court is doubtful that Mr. Dahlstrom has standing to move for reconsideration of that |
| 21 | order. In any event, there is no provision in the Local Rules for a motion to reconsider an |
| 22 | order denying another individual's motion for reconsideration. *See generally* Local Rules |

W.D. Wash. Further, a motion for reconsideration must "be filed within fourteen days after the order to which it related is filed." Local Rules W.D. Wash. LCR 7(h)(2). Mr. Dahlstrom's request was filed outside of this period. (*See* Mot. (indicating a filing date of Feb. 24, 2020).) Moreover, "[m]otions for reconsideration are disfavored," and the court "will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence." Local Rules W.D. Wash. LCR 7(h)(1). Mr. Dahlstrom has made neither showing here. (*See generally* Mot.) Accordingly, to the extent Mr. Dahlstrom's motion can be liberally construed as a motion for reconsideration of the court's February 5, 2020, order, the court denies it.

## III. CONCLUSION

Based on the foregoing analysis, the court DENIES Mr. Dahlstrom's "Request for Further Instructions from the Court" (Dkt. # 116).

Dated this 27th day of February, 2020.

JAMES L. ROBART
United States District Judge