UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. RAJU A.T. DAHLSTROM, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAUK-SUIATTLE INDIAN TRIBE OF WASHINGTON, et al., <br><br> Defendants. | CASE NO. C16-0052JLR <br><br> ORDER ON RESPONSES TO THE COURT'S ORDER TO SHOW CAUSE AND PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME TO SEEK LEGAL COUNSEL |

## I. INTRODUCTION

On February 27, 2020, the court issued an order to show cause why the court should not enter a Federal Rule of Civil Procedure 54(b) judgment on all issues decided in this matter and not stayed herein. (OSC (Dkt. # 117).) Before the court are Defendants Ronda Kay Metcalf, Christine Marie Jody Morlock, and Robert Larry Morlock's ("Individual Defendants") response and Attorney Richard L. Pope, Jr.'s

ORDER - 1

response to the court's order to show cause. (*See* Def. Resp. (Dkt. # 119); Pope Resp. (Dkt. # 121).) In addition, before the court is Plaintiff Raju A.T. Dahlstrom's motion for an extension of time to seek legal counsel. (Plf. Mot. (Dkt. # 122)).

The court has considered Individual Defendants' and Mr. Pope's responses to its order to show cause, the relevant portions of the record, and the applicable law. Being fully advised, the court determines that there is no just reason for delaying the entry of judgment as to all matters decided herein and not stayed. *See* Fed. R. Civ. P. 54(b). In addition, the court has reviewed Mr. Dahlstrom's motion, the relevant portions of the record, and the applicable law. Being fully advised, the court DENIES Mr. Dahlstrom's motion.

## II. BACKGROUND

**A.  Rule 54(b) Judgment**

On March 21, 2017, the court dismissed Defendant Sauk-Suiattle Indian Tribe of Washington with prejudice on grounds of sovereign immunity. (See 3/21/17 Order (Dkt. # 39) at 3-7, 11.) On August 29, 2019, the court granted summary judgment in favor of all remaining Defendants and dismissed Plaintiff Raju A.T. Dahlstrom's complaint with prejudice.[1] (8/29/19 Order at 37.) The court also granted Individual Defendants' motion

---

[1] In his response to the court's February 27, 2020, order to show cause, Mr. Pope asserts that Mr. Dahlstrom's claims against Defendant Community Natural Medicine, PLLC ("CNM"), are still pending. (*See* Pope Resp. at 2 ("CNM has never been dismissed as a [d]efendant . . . .").) That assertion is incorrect. The court's August 29, 2019, order granted summary judgment in favor of Defendants on all of Mr. Dahlstrom's remaining claims, including those against CNM. (*See* 8/29/19 Order (Dkt. # 79) at 28-29 (addressing Mr. Dahlstrom's claims against CNM and stating that he did "not provide evidence of a single false claim presented to the government by CNM"); *id.* at 29 (granting summary judgment "with respect to all of Mr. Dahlstrom's alleged false claims"); *id.* at 37 (dismissing Mr. Dahlstrom's complaint with

for an award of attorney's fees pursuant to 31 U.S.C. § 3730(d)(4) and RCW 74.66.070(d)(4) against Mr. Dahlstrom and ordered Defendants to file a motion setting forth their reasonable fees and expenses as described in the court's order. (8/29/19 Order at 34-36, 38.) In addition, the court ordered Mr. Dahlstrom's attorney, Mr. Richard Pope, to show cause why the court should not award some of Defendants' attorney's fees against him personally pursuant to 28 U.S.C. § 1927, Federal Rule of Civil Procedure 11(b), or the court's inherent authority. (8/29/19 Order at 36-38.)

On September 12, 2019, Mr. Dahlstrom filed a notice of Chapter 13 bankruptcy. (Notice (Dkt. # 84).) On November 15, 2019, the court ruled that, although Mr. Dahlstrom's notice of Chapter 13 bankruptcy and the resulting automatic bankruptcy stay applied to Defendants' motion for fees and expenses against Mr. Dahlstrom, the stay did not apply to the action generally or to the possible imposition of sanctions against Mr. Pope. (11/15/19 Order (Dkt. # 105) at 9.) The court also concluded that Mr. Pope was liable for a portion of Defendants' attorney's fees as a sanction for his litigation conduct herein pursuant to 28 U.S.C. § 1927 and the court's inherent authority, and that Mr. Dahlstrom's bankruptcy did not result in a stay with respect to Mr. Pope's liability for those sanctions. (*Id*. at 10-23.) Ultimately, the court awarded $10,753.74 in fees as a sanction against Mr. Pope and in favor of Defendants. (*Id*. at 23-27.) Mr. Pope moved for partial reconsideration of the court's order imposing sanctions against him. (See Pope

---

prejudice).) Further, Mr. Dahlstrom has failed to timely find counsel in this matter and may not prosecute his *qui tam* action against CNM *pro se*. (*See generally* 1/22/16 OSC (Dkt. # 2).) Because the court has already granted summary judgment on Mr. Dahlstrom's claims against CNM, CNM's dismissal is with prejudice.

MFR (Dkt. # 106).) After directing Defendants to file a response to Mr. Pope's motion (12/4/19 Order (Dkt. # 110)), the court denied Mr. Pope's motion for partial reconsideration (2/5/19 Order (Dkt. # 115)).

As described above, all the issues in this litigation are now resolved, except for the amount of Individual Defendants' attorney's fees that Mr. Dahlstrom owes Individual Defendants, which is stayed due to Mr. Dahlstrom's Chapter 13 bankruptcy filing. (*See* 11/15/19 Order at 9.) Accordingly, on February 27, 2020, the court issued an order to show cause why the court should not enter a Federal Rule of Civil Procedure 54(b) judgment on those matters which are now resolved and not stayed. Individual Defendants responded and asked the court to enter a Rule 54(b) judgment for all matters decided in the case excluding those matters that were automatically stayed due to Mr. Dahlstrom's bankruptcy filing. (Def. Resp. at 1.) Individual Defendants also asked that the Rule 54(b) judgment include pre-judgment and post-judgment interest against Mr. Pope, along with specific directions that Mr. Pope pay the court-ordered amount to the law firm of Floyd, Pflueger & Ringer, P.S. in trust for Individual Defendants. (*Id.* at 2-6.) Mr. Pope responded to the court's show cause order and stated that he "certainly does not oppose entry of a 'final judgment' order under Rule 54(b)." (Pope Resp. at 3; *see also id.* at 5 ("All in all, entry of a 'final judgment' order is appropriate under Rule 54(b).").) Mr. Pope also stated that he has no objection to the court specifying or "clarify[ing]" to whom he should make his payment of court-ordered sanctions. (*Id.* at 4; *see id.* at 5 ("Conceivably, the Court could enter a clarification order . . . .").)

**B.     Mr. Dahlstrom's Motion for an Extension of Time to Find Counsel**

In its November 15, 2019, order, the court also granted Mr. Dahlstrom and Mr. Pope's joint motion asking that the court permit Mr. Pope to withdraw as Mr. Dahlstrom's attorney. (*See* MTW (Dkt. # 83); 11/15/19 Order at 28-30.) Mr. Dahlstrom also asked for an extension of time to file a *pro se* motion for reconsideration of the court's August 29, 2019, order granting summary judgment against him on his remaining claims. (*See* 9/12/19 MFR (Dkt. # 87); *see also* 8/29/19 Order.) The court declined to permit Mr. Dahlstrom to file a *pro se* motion for reconsideration because the Ninth Circuit does not permit a *pro se* plaintiff to prosecute a *qui tam* action. (*See* 11/15/19 Order at 29 (citing *Stoner v. Santa Clara Cty. Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007)).) However, the court granted Mr. Dahlstrom 30 days to retain alternate counsel and to file a motion for reconsideration with the assistance of counsel. (*Id.* at 29-30 & n.15.) Mr. Dahlstrom did not retain counsel within the 30-day period granted by the court or file a motion for reconsideration. (*See generally* Dkt.) Nevertheless, on March 16, 2020, more than four months after the court's November 15, 2019, order, Mr. Dahlstrom filed a *pro se* motion seeking a further extension of time to obtain legal counsel. (*See* Plf. Mot.)

### III.     ANALYSIS

The court now considers whether to enter a Rule 54(b) judgment and Mr. Dahlstrom's motion for an extension of time to retain counsel.

//

//

**A.	Rule 54(b) Judgment**

Rule 54(b) provides that when more than one claim for relief is presented in an action, or when multiple parties are involved, the district court may direct the entry of a final judgment as to one or more but fewer than all claims or parties "only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Judgment under Rule 54(b) is appropriate where there are distinct and severable claims and where immediate review of the adjudicated claims will not result in later duplicative proceedings at the trial or appellate level. *See Wood v. GCC Bend, LLC*, 422 F.3d 873, 878–89 (9th Cir. 2005). Judgment under Rule 54(b) is not appropriate in routine cases where the risk of "multiplying the number of proceedings and of overcrowding the appellate docket" outweighs "pressing needs . . . for an early judgment." *MorrisonKnudsen Co. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981); *see Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

Here, the first requirement for entry of a Rule 54(b) judgment is satisfied. The court has finally and completely resolved Mr. Dahlstrom's claims against all Defendants. (*See* 3/21/17 Order at 3-7, 11; 8/29/19 Order at 37); *see also supra* n.1. In addition, the court has finally and completely resolved whether Mr. Dahlstrom's former counsel, Mr. Pope, is liable to Defendants for a portion of their attorney's fees as a sanction and the amount of those fees. (*See* 11/15/19 Order at 12-27 (determining that Mr. Pope was liable for such fees as a sanction and the amount of those fees); *see also* 2/5/20 Order (Dkt. # 115) (denying Mr. Pope's motion for partial reconsideration of the court's 11/15/19 sanctions order).) Thus, the only remaining issue for the court to determine is

the amount of the fee award against Mr. Dahlstrom. (*See id.* at 36 (ordering Ms. Morlock, Mr. Morlock, and Ms. Metcalf to file a motion setting forth the amount of certain reasonable attorney's fees and expenses).) As described above, the determination of the amount of the award against Mr. Dahlstrom is stayed due to Mr. Dahlstrom's bankruptcy filing. (*See* 11/15/19 Order at 8-10.)

Next, the court determines whether "there is any just reason for delay." *See Wood*, 422 F.3d at 878; *see also* Fed. R. Civ. P. 54(b). This implicates "the historic federal policy against piecemeal appeals." *See Wood*, 422 F.3d at 878. Relevant factors include: (1) whether a Rule 54(b) judgment would result in unnecessary appellate review; (2) whether the claims finally adjudicated are separate, distinct, and independent of other claims; (3) whether appellate review of the adjudicated claims could be mooted by future developments in the case; and (4) whether an appellate court would have to decide the same issues more than once if there were subsequent appeals. *Id*. at 878 n.2. The court concludes that these factors favor entry of a Rule 54(b) judgment here.

First, the entry of a Rule 54(b) judgment will not result in unnecessary appellate review. As noted above, the court has resolved all of Mr. Dahlstrom's claims in Defendants' favor. (*See* 3/21/17 Order at 3-7, 11; 8/29/19 Order at 37); *see also supra* n.1. Further, the court has determined that Mr. Pope is liable for a portion of Individual Defendants' attorney's fees pursuant to 28 U.S.C. § 1927 and the court's inherent authority (*see* 11/15/19 Order at 10-23) and calculated the portion of those fees that Mr. Pope must pay (*see id.* at 23-27). Even if Mr. Dahlstrom or Mr. Pope appeal the court's rulings herein, the issue of calculating for what portion of Individual Defendant's

reasonable attorney fees Mr. Dahlstrom is liable—the sole remaining issue that is presently stayed—does not overlap or overlaps only tangentially with the issues the court has already resolved.[2]

Second, the determination of what portion of Individual Defendants' reasonable attorney's fees Mr. Dahlstrom is liable for under 31 U.S.C. § 730(d)(4) and RCW 74.66.070(d)(4) is separate and distinct from the legal issues that court has already determined, including the resolution of Mr. Dahlstrom's substantive claims against Defendants and Mr. Pope's liability for a portion of Individual Defendants' attorney's fees under 28 U.S.C. § 1927 and the court's inherent authority.

Third, review of the court's resolution of Mr. Dahlstrom's claims against Defendants and the court's imposition of an award of a portion of Individual Defendants' attorney's fees against Mr. Pope will not be mooted by any future developments in the instant litigation. The court can foresee no ruling on an award of a portion of Individual Defendants' reasonable attorney's fees against Mr. Dahlstrom that will alter or affect its rulings on the issues that are proposed to be covered by a Rule 54(b) judgment and that are not stayed due to Mr. Dahlstrom's bankruptcy filing.

Fourth, the appellate court will not be required to decide the same issues more than once if there are subsequent appeals. Any subsequent appeal of the issue that is

//

//

---

[2] Any minimal overlap of issues is limited to ensuring that Individual Defendants did not recoup a double recovery for any of their reasonably incurred attorney's fees already awarded against Mr. Pope.

stayed by Mr. Dahlstrom's notice of bankruptcy would relate solely to the court's calculation of a fee award against him.

Finally, the court notes that neither Individual Defendants nor Mr. Pope oppose the court's entry of Rule 54(b) judgment concerning the issues the court has resolved herein and that are not stayed due to Mr. Dahlstrom's bankruptcy filing. (*See generally* Def. Resp.; Pope Resp.) In sum, the court finds that Mr. Dahlstrom's claims against all Defendants herein have been finally and completely resolved, that the issue of an award of a portion of Individual Defendants' attorney's fees against Mr. Pope has been finally and completely resolved, and that with respect to both Mr. Dahlstrom's claims and the fee award against Mr. Pope there is no just reason to delay entry of final judgment.[3] Accordingly, the court will enter a Rule 54(b) judgment in favor of Defendants on Mr. Dahlstrom's complaint and in favor of Individual Defendants with respect to the court's award of attorney's fees against Mr. Pope.[4]

---

[3] In their response to the court's order to show cause, Individual Defendants ask the court to exercise its discretion to award prejudgment interest against Mr. Pope. (Def. Resp. at 3-4.) The decision whether to award such interest "falls within the court's discretion," *Ministry of Def. & Support v. Cubic Def. Sys.*, 665 F.3d 1091, 1103 (9th Cir. 2011), and here, the court declines to award such interest. However, an award of post-judgment interest is mandatory, *see* 28 U.S.C. § 1961(a) (stating that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court"); *see also Cubic Def. Sys.*, 665 F.3d at 1103 (refusing to toll post-judgment interest because the plain language of § 1961(a) is mandatory, not discretionary), and so the court will include an award of post-judgment interest in its Rule 54(b) judgment against Mr. Pope.

[4] In their response to the court's order to show cause, Individual Defendants ask that the court to specify in its Rule 54(b) judgment that the judgment debtor with respect to the court's award of attorney fees to Individual Defendants is Mr. Pope, personally, and that the judgment creditors are Floyd, Pflueger & Ringer, P.S., in trust for Ms. Morlock, Mr. Morlock, and Ms. Metcalf. (Def. Resp. at 5.) Mr. Pope does not oppose this request. (*See* Pope Resp. at 4 ("If the Court wishes to sua sponte clarify its November 15, 2019 order (Dkt. # 105) and specify which

**B.    Mr. Dahlstrom's Motion for an Extension of Time to Find Counsel**

As noted above, on November 15, 2019, the court granted Mr. Dahlstrom 30 days to retain alternate counsel and to file a motion for reconsideration of the court's August 29, 2019, summary judgment order with the assistance of counsel. (*See* 11/15/19 Order at 29-30 & n.15.) Mr. Dahlstrom did not file a motion seeking an extension of this deadline until March 16, 2020—more than three months after the deadline had lapsed. (*See* Plf. Mot.)

The court may extend a deadline for good cause if the extension request is made "before the original time or its extension expires." *See* Fed. R. Civ. P. 6(b)(1)(A). However, the party seeking an extension must meet the higher showing of "excusable neglect" if they make the extension request "after the time has expired." *See* Fed. R. Civ. P. 6(b)(1)(B). To show excusable neglect, a party must show "good faith" and a "reasonable basis" for not complying with a deadline. *Silber v. Mabon*, 18 F.3d 1449, 1455 (9th Cir. 1994) (citing *In re Four Seasons Sec. Laws Litig.*, 493 F.2d 1288, 1290 (10th Cir. 1974)).

Here, Mr. Dahlstrom has made no attempt to demonstrate either "good faith" or "excusable neglect." (*See generally* Plf. Mot.) Indeed, he offers no explanation at all for his failure to find an attorney within the 30 days provided by the court or the additional three months that have lapsed since then. (*See generally id.*) He also provides no

---

of the five Defendants Mr. Pope should pay . . . and even specify a different person to make payment to, then Mr. Pope has no opposition (or support) on this matter, since he doesn't care who he pays – so long as it complies with Court orders.").) Accordingly, the court will list the judgment creditors in its Rule 54(b) judgment as Individual Defendants request.

recitation of the steps he took to comply with the court's order within the 30-day timeframe the court provided. (*See generally id.*) Because Mr. Dahlstrom has made no attempt to comply with the strictures of Rule 6(b)(1)(B), the court denies his motion for an extension of time. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure.").

## IV. CONCLUSION

Based on the foregoing analysis, the court concludes that it should enter a Rule 54(b) judgment in favor of Defendants on Mr. Dahlstrom's complaint and in favor of Individual Defendants with respect to the court's award of attorney's fees against Mr. Pope and hereby DIRECTS the Clerk to do so. In addition, the court DENIES Mr. Dahlstrom's motion for an extension of time to obtain legal counsel (Dkt. # 122).

Dated this 1st day of April, 2020.

JAMES L. ROBART
United States District Judge